## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **LOW BUDGET ROCK STAR ENTERTAINMENT LLC,** | CASE NO. _____ |
| Plaintiff, | **COMPLAINT** |
| *v.* | **DEMAND FOR A JURY TRIAL** |
| **DANIEL KOWAL AND LEONARD PANARO, JR.,** | **PERMANENT INJUNCTIVE RELIEF REQUESTED** |
| Defendants. | |

Plaintiff Low Budget Rock Star Entertainment LLC ("LBRSE" or "**Plaintiff**"), through its attorneys Carlton Fields, P.A., for its Complaint for injunction and damages against Defendants Daniel Kowal ("Kowal") and Leonard Panaro, Jr. ("Panaro") (collectively, "**Defendants**") for trademark infringement and related causes of action, alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action arising from Defendants' wrongful trademark infringement and unfair competition. Defendants have been and are imitating Plaintiff's distinctive MICRO WRESTLING FEDERATION marks in commerce, in connection with services, advertising, and social media, in ways that are confusingly similar, likely to cause confusion, deception, and mistake, and have actually caused confusion and mistake. Defendants' conduct has caused and

continues to cause direct and indirect economic and other harm and damages to Plaintiff, and irreparable injury with no adequate remedy at law.

2.     Plaintiff's allegations herein are upon actual knowledge with respect to itself and its own acts, and on information and belief as to all other matters.

3.     All conditions precedent to filing this action have been met, performed, satisfied, waived, or excused.

4.     Plaintiff has retained the undersigned attorneys to represent it in this action and has agreed to pay its attorneys a reasonable fee for their services.

## THE PARTIES

5.     Plaintiff Low Budget Rock Star Entertainment LLC is a limited liability company, organized and existing under the laws of the State of Pennsylvania, with a principal place of business at 185 East Wears Valley Road, Pigeon Forge, Tennessee 37863. Plaintiff is a well-known provider of wrestling entertainment services featuring little people participants doing business nationally and in this District. Plaintiff provides and sells its wrestling entertainment services under the MICRO WRESTLING FEDERATION marks. Plaintiff also sells apparel under the MICRO WRESTLING FEDERATION marks.

6.     On information and belief, Defendant Daniel Kowal is an individual residing in Tampa, Florida doing business nationally and in this District.

7.     On information and belief, Kowal has organized, produced, and profited from, and is organizing and producing, and profiting from, wrestling events featuring little people participants, nationally and in this District, under the designation  MICRO WRESTLING ALL STARS.

8.     For example, on information and belief, Kowal recently organized, produced, and profited from a MICRO WRESTLING ALL STARS event held on April 2, 2024, at Hefé Nightclub, 5305 N Armenia Avenue, Tampa, Florida 33603. A copy of the webpage advertising the April 2, 2024 event is attached as Exhibit 1. The attached April 2, 2024 event advertisement indicates "Show produced by Dan Kowal[.]"

9.     On information and belief, Defendant Leonard Panaro, Jr. is an individual residing in Bella Chasse, Louisiana doing business nationally and in this District.

10.     On information and belief, Panaro has booked and profited from, and is booking and profiting from, wrestling events featuring little people participants, nationally and in this District, under the designation MICRO WRESTLING ALL STARS.

11.     For example, on information and belief, Panaro recently booked, and profited from a MICRO WRESTLING ALL STARS event held on April 2, 2024, at Hefé Nightclub, 5305 N Armenia Avenue, Tampa, Florida, 33603. The attached

April 2, 2024 event advertisement (Exhibit 1) indicates "For Show Bookings Call Media Promotions 504-248-9154[.]" On information and belief, Panaro used and uses the phone number 504-248-9154 to book wrestling events featuring little people under the designation MICRO WRESTLING ALL STARS.

## JURISDICTION AND VENUE

12.     This case is a civil action arising under §§ 1114 and 1125 of the Trademark Act of July 5, 1946, commonly known as the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.; and the laws of the State of Florida.

13.     This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

14.     This Court has personal jurisdiction over Kowal because (1) Kowal resides in this State and District; and (2) the causes of action asserted in this Complaint arise out of Kowal's contacts with Florida and this District.

15.     The Court has personal jurisdiction over Panaro because the causes of action asserted in this Complaint arise of Panaro's contacts with Florida and this District.

16.     Venue is proper in this District per 28 U.S.C. §§ 1391 because Defendants are subject to personal jurisdiction in this District. This Court has personal jurisdiction over Defendants as detailed above. Further, the effects of the

commission of torts outlined herein, including trademark infringement and unfair competition, are occurring in in this District. Thus, venue is also proper in this Court because a substantial part of the events and tortious conduct giving rise to the claims herein occurred in this District and the impact of Defendant's misconduct has occurred in this District.

## FACTUAL BACKGROUND

### *Plaintiff's MICRO WRESTLING FEDERATION Marks*

17.     Plaintiff owns marks for wrestling entertainment services featuring little people participants and apparel perfected by federal and common law.

18.     Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 5154783 (the "**'783 Registration**") on the Principal Register for the trademark MICRO WRESTLING FEDERATION (the "**'783 Mark**") for "Entertainment services, namely, providing sporting events with little people participants, namely little people wrestling exhibits for live performance and broadcast media," which issued on March 7, 2017 and has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as Exhibit 2 is a true and correct printout from the United States Patent and Trademark Office's electronic database showing the current status and title of the '783 Registration as of May 7, 2024.

19.     Plaintiff is the owner of United States Trademark Application Serial No. 97/815300 (the "'**300 Application**") for the trademark:



(the "'**300 Mark**") for "Men's, women's, and children's clothing, namely, hats, caps, T-shirts, sweat shirts, and hoodies," and "Entertainment services, namely, conducting live wrestling exhibitions and such exhibitions that are televised via video-on-demand, pay-per-view, streaming video and cable television," which was filed on February 28, 2023 and is under examination. Attached as Exhibit 3 is a true and correct printout from the United States Patent and Trademark Office's electronic database showing the current status and title of the '300 Application as of May 7, 2024.

20.     Plaintiff's trademarks are referred to herein as the "**MICRO WRESTLING FEDERATION Marks**."

21.     Plaintiff licenses the right to use to the MICRO WRESTLING FEDERATION marks for entertainment services and apparel to Micro Wrestling Federation, Inc., an Ohio corporation ("**Plaintiff's Licensee**").

22.    Plaintiff exercises reasonable control over the nature and quality of the goods and services offered by Micro Wrestling Federation, Inc. under the MICRO WRESTLING FEDERATION Marks.

23.    Micro Wrestling Federation Inc.'s use of the MICRO WRESTLING FEDERATION Marks in interstate commerce, including the use in providing live wrestling exhibitions featuring little people participants at various locations in this District and throughout the US, inures to the benefit of Plaintiff.

24.    Plaintiff, its predecessor in interest, and Plaintiff's Licensee have used the MICRO WRESTLING FEDERATION Marks continuously in interstate commerce for more than 10 years. For example, Plaintiff has used the '783 Mark in interstate commerce in the United States continuously since at least as early as 2008 in connection with the providing entertainment services, specifically providing sporting events with little people participants. Plaintiff has used the '300 Mark in interstate commerce in the United States continuously since at least as early as 2008 in connection with apparel.

25.    As a result of its widespread, continuous, and exclusive use of the MICRO WRESTLING FEDERATION Marks to identify its goods and services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the MICRO WRESTLING FEDERATION Marks.

26.    The MICRO WRESTLING FEDERATION Marks are distinctive to both the consuming public and Plaintiff's trade.

27.    Plaintiff and Plaintiff's Licensee have expended substantial time, money, and resources marketing, advertising, and promoting the goods and services sold under the MICRO WRESTLING FEDERATION Marks, including through Plaintiff's, and Plaintiff's Licensee's, marketing, advertising, and promotional efforts and channels for goods and services under the MICRO WRESTLING FEDERATION Marks.

28.    The goods and services Plaintiff and Plaintiff's licensee offer under the MICRO WRESTLING FEDERATION Marks are of high quality.

29.    Plaintiff and Plaintiff's Licensee have advertised and promoted events and apparel under the MICRO WRESTLING FEDERATION Marks for many years, including online and at event locations in the United States, including in this District, and provide a website at <www.microwrestling.com>, where tickets and apparel may be purchased ("**Plaintiff's Website**").

30.    For example, a touring event, produced by Plaintiff's Licensee, at Ferg's Sports Bar & Grill in St. Petersburg, Florida (in this District) on May 15, 2024, is currently advertised at Plaintiff's Website. A copy of the webpage advertising the May 15, 2024 event is attached as Exhibit 4.

31.     Plaintiff and Plaintiff's Licensee have advertised its goods and services under the MICRO WRESTLING FEDERATION Marks on social media, including on Facebook (over 245,000 followers), YouTube (@MicroWrestlingFederation – over 146,000 followers), and Instagram (@microwrestlingfederation - over 505,000 followers).

32.     Plaintiff and Plaintiff's Licensee have received hundreds of reviews of their MICRO WRESTLING FEDERATION branded events on Facebook and Google.

33.     Plaintiff's and Plaintiff's Licensee's MICRO WRESTLING FEDERATION events were featured on Discovery Channel's "Big Little Brawlers."

34.     Plaintiff's and Plaintiff's Licensee's MICRO WRESTLING FEDERATION events are attended by thousands of people yearly and generate substantial revenue.

35.     The MICRO WRESTLING FEDERATION Marks are well-known with a valuable goodwill belonging exclusively to Plaintiff. The MICRO WRESTLING FEDERATION Marks are also well-known to individuals looking to purchase tickets to live wrestling events featuring little people participants and apparel.

***Defendants' Use of MICRO WRESTLING ALL STARS***

36.    On information and belief, Defendants adopted the name "MICRO WRESTLING ALL STARS" for the wrestling events featuring little people participants that they organize, produce, and book. Defendants' and their agents began advertising and currently advertise such events on the internet, at event locations, and through social media.

37.    On information and belief, Defendants adopted the name MICRO WRESTLING ALL STARS in 2022 and began organizing, producing, and booking events under the MICRO WRESTLING ALL STARS name. Defendants also, relatedly, began profiting from the use of MICRO WRESTLING ALL STARS at this time.

38.    In 2022 and continuing through present day, Plaintiff and Plaintiff's Licensee have received notifications from consumers, event holders, state licensing commissions, and others that confuse Plaintiff's MICRO WRESTLING FEDERATION branded events with Defendants' MICRO WRESTLING ALL STARS designated events.

39.    In short, consumers and event holders think that Defendants' events are a subset of Plaintiff's and Plaintiff's Licensee events that feature "All Stars" from Plaintiff's MICRO WRESTLING FEDERATION.

40.    The instances of actual confusion between Plaintiff's and Plaintiff's Licensee's MICRO WRESTLING FEDERATION events and Defendants' MICRO

WRESTLING ALL STARS events have taken place throughout the United States, including in this District.

41.   On information and belief, Defendants are aware of the actual confusion they are causing among consumers, venue holders, and others, and continue to pass off their MICRO WRESTLING ALL STARS events as related to Plaintiff's and Plaintiff's licensee's MICRO WRESTLING FEDERATION events.

42.   On information and belief, Defendants do not own any state or federal registrations for the designation MICRO WRESTLING ALL STARS.

43.   On information and belief, Defendants control the Facebook social media page, <www.facebook.com/microwrestlingallstars>. The Facebook page prominently features the designation MICRO WRESTLING ALL STARS and advertises past and upcoming events.  The page has a limited number of followers (6900).

44.   On information and belief, Defendants use various agents to advertise on the internet, offer tickets on the internet, and sell tickets on the internet to Defendants' MICRO WRESTLING ALL STARS events.

45.   On information and belief, tickets are also sold at the event venue for Defendants' MICRO WRESTLING ALL STARS events and such events are also advertised at the event venue. On information and belief, Defendants profit from the

sales of online and in person sales of tickets to MICRO WRESTLING ALL STARS events.

46.    The use of the MICRO WRESTLING ALL STARS mark on Defendants' Facebook page, Defendants' other social media pages, in Defendants' and Defendants' agents online advertising and promotions, and the advertising at event venues is misleading to consumers and event venue owners in the United States and likely to cause confusion.

47.    Defendants' MICRO WRESTLING ALL STARS mark is confusingly similar to and infringes Plaintiff's MICRO WRESTLING FEDERATION Marks.

48.    Defendants' designation "MICRO WRESTLING ALL STARS" so closely resembles Plaintiff's designation "MICRO WRESTLING FEDERATION" for wrestling events featuring little people participants that potential purchasers of tickets for the events offered, advertised, and/or promoted under Defendants' MICRO WRESTLING ALL STARS mark would be likely to believe that Plaintiff is the source of such events, or that Plaintiff has authorized, sponsored, approved of, or in some other manner associated itself with the events of Defendants, thereby creating a likelihood of confusion, deception, or mistake, all to the damage of Plaintiff.

49.    In fact, consumers have actually been confused by Defendants' use of the MICRO WRESTLING ALL STARS mark and have purchased tickets to

Defendants' events and expected to see Plaintiffs' or Plaintiffs' Licensee MICRO WRESTLING FEDERATION events, only to be disappointed that they were not at Plaintiff's or Plaintiff's Licensee MICRO WRESTLING FEDERATION event.

50.     Defendants' "MICRO WRESTLING ALL STARS" designation and Plaintiff's MICRO WRESTLING FEDERATION" brand both start with the words "MICRO WRESTLING". Defendants' use of the phrase "All Stars" does not distance Defendants from confusion, but instead invites confusion because consumers think that Defendants' "All Stars" are part of Plaintiff's "Federation." The phrases as a whole have a highly-similar commercial impression.

51.     Defendants' services using the MICRO WRESTLING ALL STARS Mark, which include live wrestling events featuring little people participants are highly similar to Plaintiff's services using the MICRO WRESTLING FEDERATION, which include live wrestling events featuring little people participants.

52.     On information and belief, Defendants' MICRO WRESTLING ALL STARS services are sold to consumers in the same trade channels as Plaintiff, including through online ticket sales and ticket sales at event venues.

53.     On information and belief, Defendants and their agents are using the MICRO WRESTLING ALL STARS Mark in connection with the distribution, provision, offering for sale, sale, marketing, advertising, and/or promotion of live

wrestling events featuring little people participants, including to consumers via online trade channels through Eventbrite, Humanitix, and elsewhere. Attached as Exhibit 5 are true and correct printouts from Eventbrite showing tickets for sale for Defendants' MICRO WRESTLING ALL STARS event in Seffner, Florida (in this District) scheduled for October 2024. Attached as Exhibit 6 is a true and correct print-out from Facebook showing advertising and promotion for Defendants' MICRO WRESTLING ALL STARS event held in Sarasota, Florida (in this District) on November 4, 2023.

54.     Plaintiff is a well-known provider of live wrestling event services featuring little people participants. Plaintiff and Plaintiff's Licensee use the MICRO WRESTLING FEDERATION Marks in connection with the distribution, provision, offering for sale, sale, marketing, advertising, and/or promotion of its services and goods, including via online trade channels and including through the website <www.MicroWrestling.com> and elsewhere. Attached as Exhibit 7 is true and correct printout from <www.MicroWrestling.com> as of May 7, 2024.

55.     Over many years and with the expenditure of substantial time, money, and effort, Plaintiff's MICRO WRESTLING FEDERATION Marks have acquired distinction in the eyes of the public for live wrestling events featuring little people participants and apparel.

56.     Defendant's wrongdoing has caused and continues to cause injury and harm to Plaintiff, including, without limitation, through infringement of Plaintiff's MICRO WRESTLING FEDERATION Marks.

***Harm to Plaintiff and the Public***

57.     By virtue of extensive recognition, the high quality of the services and goods offered under the MICRO WRESTLING FEDERATION Marks, Plaintiff's incontestable trademark registration, and other factors, Plaintiff's MICRO WRESTLING FEDERATION Marks are widely recognized in the United States as designating high quality services and goods originating exclusively from Plaintiff and Plaintiff's Licensee.

58.     The MICRO WRESTLING FEDERATION Marks have become an intrinsic and essential part of the valuable goodwill and property of Plaintiff. Plaintiff's MICRO WRESTLING FEDERATION Marks are well-established and well-known to customers and the trade as symbols identifying and distinguishing Plaintiff's services and goods and signifying distinctive services and goods of high quality. Only Plaintiff and expressly authorized, affiliated agents and licensees may use the MICRO WRESTLING FEDERATION Marks. The MICRO WRESTLING FEDERATION Marks are valid, distinctive, protectable, have acquired secondary meaning, and are associated exclusively with Plaintiff.

59.     Currently, and at all relevant times, Plaintiff has been the sole owner of the MICRO WRESTLING FEDERATION Marks and related logos and designations.

60.     Plaintiff and Plaintiff's Licensee have used the MICRO WRESTLING FEDERATION Marks on and in connection with their business and activities, in interstate and intrastate commerce, and around the world.

61.     Defendants are not in any way or for any purpose affiliated with Plaintiff and, therefore, cannot use the MICRO WRESTLING FEDERATION Marks. Plaintiff has not allowed, authorized, or permitted Defendant to use the MICRO WRESTLING FEDERATION Marks.

62.     Defendants' unlawful and illegitimate use of its MICRO WRESTLING ALL STARS designation occurred after the MICRO WRESTLING FEDERATION Marks became distinctive. Defendants' actions and conduct have been and are wrongful, unauthorized, improper, and illegal.

63.     Defendants' activities falsely suggest or imply a sponsorship, agency, connection, license, or association between Defendants and Plaintiff and create a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' services.

64.     Consumers have actually and mistakenly associated Defendants services with Plaintiff on multiple occasions.

65.    Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and the goodwill associated with Plaintiff's marks.

66.    Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm consumers and the general public, who have an inherent interest in being free from confusion, mistake, and deception.

67.    Money damages cannot fully repair the damage that will be done to Plaintiff and the public.

## FIRST CAUSE OF ACTION

**Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114(1)**

68.    Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in the paragraphs 1-18 and 20-67 detailed above as though fully set forth herein.

69.    Defendants, without the consent of Plaintiff, have been and are infringing the '783 Mark in connection with the organization, production, booking, sale, offering for sale, distribution, and/or advertising of services under the designation MICRO WRESTLING ALL STARS on and/or in connection with which such use is likely to cause confusion, to cause mistake, and/or to deceive, including by leading the public to believe, falsely, that Defendants' services are the services of Plaintiff and/or Plaintiff's  Licensee, or are sponsored, endorsed,

licensed, or approved by Plaintiff, or are in some way connected with Plaintiff and/or Plaintiff's Licensee.

70.     Defendants' MICRO WRESTLING ALL STARS designation, alone but also especially when used on and/or in conjunction with services that are similar to those offered by Plaintiff, constitutes a colorable imitation of Plaintiff's '783 Mark.

71.     Defendants' acts have injured and, in the absence of injunctive relief, will continue to injure, Plaintiff's image, reputation, and goodwill in Florida and elsewhere in the United States by creating consumer confusion and dissatisfaction, and corresponding diminution in the reputation and goodwill associated with Plaintiff and the '783 Mark (MICRO WRESTLING FEDERATION).

72.     Defendants' use of the MICRO WRESTLING ALL STARS designation evokes an immediate, favorable impression or association, and constitutes a false representation that Defendants' services have some connection, association, or affiliation with Plaintiff and/or Plaintiff's licensee, and is likely to mislead the trade and public into believing that Defendants' services originate from, are affiliated with, or are sponsored, authorized, approved, or sanctioned by Plaintiff.

73.     Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney fees, and

costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

74.     Plaintiff will also be irreparably damaged unless Defendant is enjoined from committing and continuing to commit such acts.

## SECOND CAUSE OF ACTION

### Federal Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a)

75.     Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in the paragraphs 1-67 detailed above as though fully set forth herein.

76.     Defendants, on and/or in connection with live wrestling event services featuring little people participants, have been and are using in commerce, Defendants' MICRO WRESTLING ALL STARS designation, which is a confusingly similar imitation of Plaintiff's MICRO WRESTLING FEDERATION Marks and likely to cause confusion, to cause mistake, and/or to deceive, including by leading consumers and the public to falsely believe that Plaintiff is affiliated, connected, and/or associated with Defendants, and/or by leading consumers and the public to falsely believe that Plaintiff approved and/or approves of Defendants services and/or commercial activities.

77.     Defendants' use in commerce of the MICRO WRESTLING ALL STARS designation is likely to cause confusion, or to cause mistake, or to deceive

the relevant public that Defendants' events/services are authorized, sponsored, approved by, or affiliated with Plaintiff.

78.    The above-described acts of Defendants constitute unfair competition in violation of 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

79.    Defendant has unfairly profited from the actions alleged.

80.    By reason of the above-described acts of Defendants, Plaintiff has suffered damage to the goodwill associated with the MICRO WRESTLING FEDERATION Marks.

81.    The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and the MICRO WRESTLING FEDERATION Marks.

82.    The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who have an interest in being free from confusion, mistake, and deception.

83.    By reason of Defendants' acts, Plaintiff's remedy at law is not adequate to compensate for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to entry of permanent injunctive relief pursuant to 15 U.S.C. § 1116.

## **THIRD CAUSE OF ACTION**

### **Common Law Trademark Infringement under Florida Law**

84.    Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in the paragraphs 1-67 detailed above as though fully set forth herein.

85.    Defendants are providing live wrestling event services featuring little people participants through similar channels of trade as Plaintiff under a confusingly similar mark.

86.    Defendants' willful, knowing, and unauthorized production, booking, promotion, advertisement, sale, and offering for sale of infringing services is causing confusion as to the source of those goods and is therefore harming Plaintiff's goodwill and constitutes an unlawful misappropriation of Plaintiff's rights in the MICRO WRESTLING FEDERATION Marks.

87.    Defendants have infringed Plaintiff's trademark rights and have produced, booked, offered for sale, advertised, and sold infringing services in violation of Plaintiff's proprietary rights.

88.    Due to Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable harm. It would be difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendants' past, continuing, and future acts. Plaintiff's remedy at law is not adequate to compensate

Plaintiff for the injuries already inflicted and further threatened by Defendants. Accordingly, Plaintiff is entitled to injunctive relief.

89.    Plaintiff is entitled to punitive and/or exemplary damages under the laws of the State of Florida in an amount appropriate to punish Defendants and/or to make an example of Defendants to the community.

*** 

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action alleged herein.

*** 

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

I.    enter judgment that Defendants have:

    a.    violated the Lanham Act, 15 U.S.C. §§ 1114 and 1125; and

    b.    engaged in trademark infringement in violation of the laws of Florida;

II.    grant injunctive relief by permanently enjoining Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

a.  engaging in any activity including, whether directly or through the authorization of a third party, advertising, organizing, producing, hosting, promoting, marketing, selling, or offering for sale any goods or services bearing or in connection with the MICRO WRESTLING FEDERATION Marks or the designation MICRO WRESTLING ALL STARS, including using such marks on Defendants' social media or any other website, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the MICRO WRESTLING FEDERATION Marks;

b.  engaging in any activity or conduct that infringes Plaintiff's rights in the MICRO WRESTLING FEDERATION Marks;

c.  engaging in any unfair competition with Plaintiff;

d.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' services and/or products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or

franchised by or associated, affiliated, or otherwise connected with Defendants;

e.    registering, owning, or using any domain name or social media that consists of any of the MICRO WRESTLING FEDERATION Marks, the designation MICRO WRESTLING ALL STARS, or includes such marks in the domain portion of the domain name at any level, or that is confusingly similar to any of the MICRO WRESTLING FEDERATION Marks, or that is calculated to confuse consumers into believing that the website or social media accessible via the domain name or social media platform originates from Plaintiff, or is sponsored or licensed by, or affiliated with, Plaintiff, when it is not;

f.    using or authorizing any third party to use in connection with any business, goods, or products any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or products with Plaintiff or tend to do so;

g.   receiving any compensation, whether in money, in kind, or otherwise, for any of the acts proscribed in subparagraphs (a)-(f) above, either directly or through online advertisers; and

h.   misappropriating that which rightfully belongs to Plaintiff, its customers, or potential customers, or that in which Plaintiff or its customers or potential customers have a proprietary interest;

III.   grant injunctive relief permanently requiring Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, to:

a.   remove from commerce any events, services, or goods being offered that bear any of the MICRO WRESTLING FEDERATION Marks, MICRO WRESTLING ALL STARS designation, or any similar designation thereto;

b.   permanently prevent the Defendants' social media websites from resolving to content that creates the false impression that Defendants' social media websites are sponsored, licensed, or authorized by Plaintiff; and

c.   engage in corrective advertising as necessary;

IV.      enter judgment awarding Plaintiffs its compensatory, consequential, statutory, special, treble, and punitive damages, including, without limitation, compensation for lost profits, loss of goodwill, damage to reputation, cost of corrective advertising, Defendants' profits, and other damages, as provided by law, together with pre- and post-judgment interest;

V.      award Plaintiff its costs and reasonable attorney fees pursuant to 15 U.S.C. § 1117(a), Florida law, and any other applicable provision of law; and

VI.      award such other or further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: May 14, 2024                    **CARLTON FIELDS, P.A.**

By: /s/ J. Coy Stull
       J. Coy Stull (FBN 15764)
       TRIAL COUNSEL
       4221 W. Boy Scout Blvd.
       Suite 1000
       Tampa, Florida 33607-5780
       Direct: 813.229.4120
       Fax: 813.229.4133
       jstull@carltonfields.com
       trademarks@carltonfields.com